UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAFAEL PEREZ-PEREZ (A-Number: 077-351-537),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondent.

Case No.  1:26-cv-4402-DAD-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Rafael Perez-Perez was admitted into the United States in 2001, and, after serving a prison sentence for a controlled substance offense, was re-detained by ICE in October 2025 and issued a notice to appear.  An immigration judge held a custody redetermination hearing and denied petitioner's release.  Petitioner sought a writ of habeas corpus, which was denied on April 6, 2026.  *Perez v. Warden*, No. 1:25-cv-1738-DAD-JDP, 2026 WL 927937 (E.D. Cal. Apr. 26, 2026).  On June 8, 2026, petitioner filed another petition for a writ habeas corpus under 28 U.S.C. § 2241, arguing that his prolonged detention without a bond hearing violates the Due Process Clause.[1]  ECF No. 1.  For the reasons outlined below, I recommend that the petition be denied.

---

[1] The instant petition has been related to the first petition.  ECF No. 4.

1

**Background**

On or about October 2020, petitioner was admitted into the United States as a Lawful Permanent Resident, after coming from Mexico.  ECF No. 1 at 4.  In October 2024, petitioner was convicted of cultivating marijuana in violation of California Health and Safety Code §§ 11358(c) and (d) and sentenced to two years.  *Id*.  In October 2025, petitioner was re-detained by ICE and placed in removal proceedings.  *Id*.  On November 6, 2025, at petitioner's request, an immigration judge held a custody redetermination hearing and, based on the finding that petitioner is "a danger to the community," denied bond.  *See Rafael P. v. Warden*, No. 1:25-cv-1738-DAD-JDP, 2026 WL 534408, at *1 (E.D. Cal. Feb. 26, 2026), *report and recommendation adopted sub nom*, *Perez v. Warden*, 2026 WL 927937 (E.D. Cal. Apr. 26, 2026).  Petitioner waived his right to appeal.  On April 23, 2026, an immigration judge ordered petitioner removed from the United States.  *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation/ (last visited July 1, 2026).  Petitioner has appealed that decision to the BIA.  *Id.*

**Procedural History**

Petitioner initiated his first habeas action on December 4, 2025, when he filed a pro se petition for writ of habeas corpus.  *Rafael P.*, 2026 WL 534408, at *1.  Petitioner sought a "second bond hearing."  *Id.* at *2.  The court determined that petitioner was subject to mandatory detention under § 1226(c) because of his prior drug conviction.  *Id.*  The court denied the petition on the ground that petitioner was not entitled to habeas relief.  *Perez*, 2026 WL 927937, at *1.  Petitioner now has filed a second petition for writ of habeas corpus.  ECF No. 1.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.

2

28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner argues that his prolonged detention violates his Fifth Amendment due process rights. ECF No. 1 at 7. However, petitioner incorrectly states several times that he has been detained "without a bond hearing," when the record in his prior case indicates that he received one in November 2025. *Compare id*. at 2 ("[n]o neutral decision maker has conducted a bond hearing"); 5 (claiming "unreasonably prolonged detention without a bond hearing"); 6 (arguing prolonged detention "without a bond hearing"), *with Perez*, No. 1:25-cv-1738-DAD-JDP, ECF No. 12-3 (immigration court order denying bond).

Petitioner also incorrectly claims that in November 2025 the immigration judge stated she had "no jurisdiction to grant Petitioner bond." ECF No. 1 at 4. This is contradicted by the bond order submitted by the government in the first habeas case, which indicates that bond was denied on November 6, 2025, because the immigration judge found petitioner "to be a danger to the community." *Perez*, No. 1:25-cv-1738-DAD-JDP, ECF No. 12-3. Elsewhere petitioner claims he has been detained "over 17 months," ECF No. 1 at 7, when he has been detained approximately 8 months, since October 2025.

There is no dispute that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) because of his conviction under California Health and Safety Code § 11358(c). *See Saengvilay v. Garland*, No. 20-73259, 2022 WL 17583053, at *1 (9th Cir. Dec. 12, 2022) (finding that a violation of California Health and Safety Code § 11358(c) is "an offense covered by 8 U.S.C. § 1227(a)(2)(B)(i)"); 8 U.S.C. § 1226(c)(1)(B) (mandating the detention of a noncitizen who "is deportable by reason of having committed any offense covered in" 8 U.S.C. § 1227(a)(2)(B)). In November 2025, petitioner appeared at a bond hearing before an immigration judge, who ordered petitioner's continued detention based on the finding that he is "a danger to the community." "Civil immigration detention, which is 'nonpunitive in purpose and

effect,' is justified when a noncitizen presents a risk of flight or danger to the community." *Omer G. G. v. Kaiser*, No. 1:25-cv-01471-KES-SAB, 2025 WL 3254999, at *7 (E.D. Cal. Nov. 22, 2025) (quoting *Zadvydas*, 533 U.S. at 690). There is no argument or evidence to suggest that the bond hearing was conducted unfairly.

It "plainly appears" that petitioner is not entitled to relief, and, accordingly, I do not order the government to respond. Fed. R. Gov. § 2254 Cases, Rules 1(b) & 4. I recommend that the petition be denied.

### Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be DENIED.

2. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    July 8, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4